# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
### ERIE DIVISION

W.C., a minor, by and through their parent, B.P.;    )
S.F. a minor, by and through their parent, T.F.;    )
C.P., a minor, by and through their parent, J.P.;    )    Civil Case No. __1:21-cv-273__
A.L., a minor, by and through their parent, J.L.;    )
S.M., a minor, by and through their parent, M.C.;    )
C.R., a minor, by and through their parent, T.H.;    )
R.C., a minor, by and through their parent, C.C.;    )
J.S., a minor, by and through their parent, C.S.;    )
H.R., a minor, by and through their parent, G.R.;    )
each a minor resident of the Warren County School    )
District or a parent of the same,    )
    )
       Plaintiffs    )
    )
       v.    )
    )
WARREN COUNTY SCHOOL DISTRICT,    )
a Pennsylvania governmental entity, MR. JOSEPH    )
COLOSIMO, MRS. MARCY MORGAN, MRS.    )
ELIZABETH HUFFMAN, MRS. MARY    )
PASSINGER, MR. JEFFREY LABESKY, MR.    )
LABESKY, MR. ARTHUR STEWART, MR.    )
KEVIN LINDVAY, MRS. DONNA ZARICZNY,    )
MR. PAUL MANGIONE, all individual elected    )
officials sued in their individual capacity and in their)
capacity as members of the WARREN COUNTY    )
SCHOOL DISTRICT BOARD OF DIRECTORS, a )
Pennsylvania elected legislative body,    )
    )
       Defendants    )

## COMPLAINT FOR INJUNCTIVE RELIEF

The above named Plaintiffs, by and through undersigned counsel, Kenneth R. Behrend,

Esquire, and the Behrend Law Group, LLC, hereby file this Complaint for Injunctive Relief for

violations of Section 1983 of the Civil Rights Act, the American Disabilities Act, and the Section

504 of the Rehabilitation Act. In support of their claims, Plaintiffs allege and aver as follows:

## INTRODUCTION

1.      On January 29, 2021, the Center for Disease Control ("CDC") entered an Order requiring universal masking on public transportation, including school buses, in order to limit the risk of exposure to infection from COVID-19.[1] On August 23, 2021, due the increase in the rate of infection from COVID-19, Delta Variant, the Erie County Health Department Ordered universal masking for all school students who are subject to the Erie County Health Department.[2] Warren County School District is subject to the Orders of the Erie County Health Department. On August 31, 2021, due to the increase in the rate of infection from COVID-19, Delta Variant, and because many school districts were permitting parents the option to have their children not wear masks while in school, (a/k/a optional masking), the Acting Secretary of the Pennsylvania Department of Health Ordered universal masking to be  required for all school students in Pennsylvania effective September 7, 2021.[3] On September 10, 2021, the Pennsylvania Department of Education sent a directive to all school districts in the Commonwealth, reinforcing with the school districts that parents do not have an option to sign a waiver form to except their children from the Department of Health Order, unless the parental waiver form is supported by medical documentation which provides verifiable medical proof that the student requires an accommodation from a health risk to the student caused by mask wearing.[4]

2.      Three days later, on September 13, 2021, the Warren County School Board, in direct

---

[1] See Exhibit 1, January 29, 2021, Order of the Center for Disease Control ("CDC").

[2] See Exhibit 2, August 23, 2021,Order of the Erie County Health Department.

[3] See Exhibit 3, August 31, 2021, Order of the Acting Secretary of the Pennsylvania Department of Health.

[4] See e.g. Exhibit 4, September 10, 2021, Directive to all School Districts from the Pennsylvania Department of Education.

defiance of the CDC Order, the Erie County Health Department Order, the Pennsylvania Department of Health Order and the Pennsylvania Department of Education directive, voted by a 6-3 majority to permit parents the option to sign a waiver form to except their children from the Department of Health Order WITHOUT supporting medical documentation.

3.    The risk of COVID-19 exposure and infection is increased by the failure to wear masks. Impact of Mask Use in Schools – In the first month of school alone, more than 1,800 schools nationwide have been forced to close or move to virtual learning because of pandemic outbreaks, new federal data show—but schools that required universal masking were much less likely to see widespread infection. That's the upshot of new research on the post-Delta school landscape, released Friday afternoon by the Centers for Disease Control and Prevention. "CDC: COVID Outbreaks Far Higher at Schools Without Mask Mandates" (from Education Week, 9/24/21). See https://www.pasa-net.org/currentupdate

4.    The purpose of universal masking in school is to help the schools to remain open by reducing the spread of COVID-19 in the schools and for as many students as possible to receive an in-person education. "Maintaining in-person instruction at schools is imperative, since it has also been shown that in-person instruction and socialization are necessary for the health and well-being of our children." See Exhibit 3, August 31, 2021 Order of the Acting Secretary of the Pennsylvania Department of Health.

5.    Plaintiffs herein include children with health disabilities and children under 12 who are unable to be protected from COVID -19 from a vaccine. The risk of COVID-19 exposure is increased needlessly to all the children in the school district because of this scientifically and medically unsupported policy of permitting parents the option to have their children to not wear

masks. Indeed, as September 18, 2021, parents of over 400 students, (which is 10% of the Warren County School District), had submitted exception forms WITHOUT medical documentation. Also, as of September 18, 2021, there were 50 positive cases within the district and 434 students had been denied entry — quarantined — due to close contacts.[5] There are 4,000 students in Warren County School District, so this means that over 10% of the students have been quarantined in the first month of school and have not received in-person instruction during their periods of quarantine.

6.      Even though the Warren County School Board permits parents the option to have their children not wear masks while attending school, (increasing the risk of infection to students, teachers, and staff), the School Board is providing itself with greater protection from infection from COVID-19 than they are providing to the school children. The School Board has taken what it describes as the "best" action to avoid non-mask wearing attendees at school board meetings by holding virtual meetings to decrease the risk of exposure and infection from COVID-19 to the school board members:

> Given the continued presence of COVID-19 and **to best ensure the health, welfare, and safety of the public, Board members, and District employees**, the Warren County School District Board of School Directors will hold its Regular Board meeting on Monday, October 11, 2021, at 6:00 p.m. via teleconference.[6]

7.      The Board's vote on September 13, 2021, violates Constitutional substantive and procedural due process and will result in irreparable harm to the Plaintiffs, WCSD staff, students, and visitors, and the local community at large. Currently, Warren County is in the "High" COVID-19 community transmission level, which is highest community transmission rating set by the CDC. The

---

[5] See https://www.timesobserver.com/news/local-news/2021/09/about-400-forms-filed-for-mask-exemption/?fbclid=IwAR3qkX6weV03eggnZkJwv49QpGC86H7eGu80kB3mCaeE-q0NeH6xZcJl4pQ

[6] See https://www.wcsdpa.org/Page/31

CDC, Pennsylvania Department of Education, Pennsylvania Department of Health, and Erie County Health Department are all attempting to keep kids in school through universal masking in K-12 schools, regardless of vaccination status, to reduce the transmission of COVID-19, and specifically the highly transmissible Delta variant and its substantial effect on school-age children in the K-12 community. "In view of this serious concern for our nation's children, the CDC has issued a strong recommendation for masking of all persons, teachers, students and staff, within the nation's schools, regardless of vaccination status, to create a multilayered approach for fighting COVID and to keep our schools open for in-person education."[7]

8.     Effective mask wearing is proven to reduce the risk of transmission of COVID-19. "[R]ecent studies have shown that mask-wearing in schools has contributed to lower levels of COVID-19 transmission among students and staff and allowed for the continued in-person attendance.[8] Unmasked individuals are at risk of immediate and irreparable harm from COVID-19, as well as at a higher risk of spreading COVID-19, and the consequences of serious illness and/or death. "In accordance with the recommendations of the CDC and the AAP [(American Academy of Pediatrics)] and based upon the rising case numbers and hospitalizations in general in the Commonwealth, including the number of cases in our children, as well as the need to protect and maintain in-person education for the health and well-being of those children, I am issuing this Order to protect the ability of our schools to continue to educate our children, and of our children to receive in-person instruction in the safest environment possible."[9]

---

[7] See Exhibit 3, p. 2, August 31, 2021 Order of the PaDOH.

[8] See Exhibit 3, p. 2, August 31, 2021 Order of the PaDOH.

[9] See Exhibit 3, p. 2, August 31, 2021 Order of the PaDOH.

9.      Plaintiffs ask this Court to immediately enter a Temporary Restraining Order on an emergency basis, and ultimately grant Plaintiff's a Preliminary Injunction to enjoin the Board from enforcing the mask-optional policy adopted on September 13, 2021, and to restore the status quo that existed prior to the Board's vote, that is, restore compliance with the CDC's Order of January 29, 2021, the Erie County Health Department Order of August 23, 2021, the Pennsylvania Department of Health's Order of August 31, 2021, and the Pennsylvania Department of Education's Directive of September 10, 2021, establishing a universal masking policy for all school students which existed from September 7, 2021 through September 13, 2021, prior to the September 13, 2021 vote of the Warren County School Board.

10.     Plaintiffs are asking for the help of this Court through the entry of an Order to temporarily restrain, as well as preliminarily and permanently enjoin Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from implementing or enforcing a policy which violates the following: (1) the ADA; (2) Section 504; (3) the CDC's January 29, 2021 Order establishing guidelines for universal masking on school buses; (4) the August 23, 2021 Order of the Erie County Health Department; (5) the August 31, 2021 Order of the Acting Secretary of the Pennsylvania Department of Health; and (6) the September 10, 2021 Directive from the Pennsylvania Department of Education, and from taking any other action to enforce such policy that is not in compliance with applicable law, and to restore the status quo of universal masking and requiring parents who want an exception for their children to submit verifiable medical documentation from an actual medical provider for the student of any medical or mental harm created to their children by wearing a mask while in a school bus and while attending school.

## THE PARTIES

### Plaintiffs

11.     Plaintiff W.C. is a minor child who resides within the Warren County School District.

12.     Plaintiff B.P. is an adult individual who is a resident and taxpayer in the Warren County School District, and is the parent of Plaintiff W.C.

13.     Plaintiff S.F. is a minor child who resides in the Warren County School District.

14.     Plaintiff T.F. is an adult individual who is a resident and taxpayer in the Warren County School District, and is the parent of Plaintiff S.F.

15.     Plaintiff C.P. is a minor child who resides in the Warren County School District.

16.     Plaintiff J.P. is an adult individual who is a resident and taxpayer in the Warren County School District, and is the parent of Plaintiff C.P.

17.     Plaintiff A.L. is a minor child who resides in the Warren County School District.

18.     Plaintiff J.L. is an adult individual who is a resident and taxpayer in the Warren County School District, and is the parent of Plaintiff A.L.

19.     Plaintiff S.M. is a minor child who resides in the Warren County School District.

20.     Plaintiff M.C. is an adult individual who is a resident and taxpayer in the Warren County School District and is the parent of Plaintiff S.M.

21.     Plaintiff C.R. is a minor child who resides in the Warren County School District.

22.     Plaintiff T.H. is an adult individual who is a resident and taxpayer in the Warren County School District and is the parent of Plaintiff C.R.

23.     Plaintiff J.S. is a minor child who resides in the Warren County School District.

24.     Plaintiff C.S. is an adult individual who is a resident and taxpayer in the Warren

County School District and is the parent of Plaintiff J.S.

25.    Plaintiff R.C. is a minor child who resides in the Warren County School District.

26.    Plaintiff C.C. is an adult individual who is a resident and taxpayer in the Warren County School District and is the parent of Plaintiff R.C.

27.    Plaintiff H.R. is a minor child who resides in the Warren County School District.

28.    Plaintiff G.R. is an adult individual who is a resident and taxpayer in the Warren County School District and is the parent of Plaintiff H.R.

29.    All of the minor children Plaintiffs are students in the Warren County School District, except for one.

30.    One or more of the minor children Plaintiffs who are students in the Warren County School District have disabilities and/or are under the age of 12 and unable to get a vaccine for COVID-19 at this time.

**Defendants**

31.    Defendant WCSD is a municipal organization made up of 9 individual school directors residing and conducting business in Warren County, Pennsylvania.

32.    Defendant School Board is an elected school board residing and conducting business in Warren County, Pennsylvania.

33.    Defendant, Mr. Joseph Colosimo, is a Warren County resident and member of the School Board, sued here in his individual and representative capacity.

34.    Defendant, Mrs. Marcy Morgan, is a Warren County resident and member of the School Board, sued here in his individual and representative capacity.

35.    Defendant, Mrs. Elizabeth Huffman, is a Warren County resident and member of the

School Board, sued here in his individual and representative capacity.

36.     Defendant, Mrs. Mary Passinger, is a Warren County resident and member of the School Board, sued here in his individual and representative capacity.

37.     Defendant, Mr. Jeffrey Labesky, is a Warren County resident and member of the School Board, sued here in his individual and representative capacity.

38.     Defendant, Mr. Arthur Stewart, is a Warren County resident and member of the School Board, sued here in his individual and representative capacity.

39.     Defendant, Mr. Kevin Lindvay, is a Warren County resident and member of the School Board, sued here in his individual and representative capacity.

40.     Defendant Mrs. Donna Zariczny, is a Warren County resident and member of the School Board, sued here in his individual and representative capacity.

41.     Defendant, Mr. Paul Mangione, is a Warren County resident and member of the School Board, sued here in his individual and representative capacity.

42.     At all relevant times hereto, the School Board and the individual Defendants were acting under the color of state law.

## JURISDICTION AND VENUE

43.     Plaintiffs incorporate the foregoing paragraphs as is set forth in full herein.

44.     This Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. §1331, 28 U.S.C. §§1343(a)(3), (4), and 42 U.S.C. §1983.

45.     This Court has subject matter jurisdiction over the ADA Title II and Section 504 of the Rehabilitation Act claims in this case pursuant to 28 U.S.C. § 1331. Plaintiffs' claims arise under

the laws of the United States and the relief sought herein is within the power of the Court to grant. See 29 U.S.C. § 701, et seq. and 20 U.S.C. § 1681, et seq.

46.　　There exists an actual and justiciable controversy between Plaintiffs and Defendant requiring resolution by this Court.

47.　　Plaintiffs have no adequate remedy at law.

48.　　Venue is proper before the United States District Court for the Western District of Pennsylvania under 28 U.S.C. §1391 because all parties reside or otherwise are found herein, and all acts and omissions giving rise to Plaintiffs' claims occurred in the Western District of Pennsylvania.

49.　　The Court has personal jurisdiction over Warren County School District, which is a public school district head quartered in Warren County, Pennsylvania.

## FACTS

**A.　Warren County School District and the Board of Directors Duties and Responsibilities to Provide a Safe and Healthy Envioronment for the School Children.**

50.　　"The Board of the District is charged by the State with the management and supervision of the public elementary and secondary schools in the District. It derives its authority to govern the local schools directly from the Constitution of the State of Pennsylvania and the rules and regulations of the Pennsylvania Department of Education." See Policy Manual, Section 02000, School Board Governance and Operations Legal Status - Board of School Directors, Code 2001, 24 P.S. 301 et seq.

51.　　"The District is governed by a Board of School Directors consisting of nine (9) directors, each of whom is elected on a regional basis for a term of four years." See Policy Manual,

Section 02000, School Board Governance and Operations Legal Status - Board of School Directors, Code 2001, 24 P.S. 301 et seq.

52.     The WCSD School Board Policy Manual states that the Board's Mission Statement is as follows: "The mission of the Warren County School District is to support the personal and intellectual success and wellness of every student, every day." See Board Policy Section 01000, Code 1301.

53.     "The Board recognizes the responsibility of the District to create, maintain, and insure a healthy school environment. It is the belief of the District that a student must be healthy in order to derive maximum benefit from learning. ..." See Policy Manual, Section10000, Health, Code10610.

54.     According to the Board Policy Manual, the Board considers one of its most important functions to be Legislative or Policy Making. See Policy Manual, Section 02000, School Board Governance and Operations, Policy as a Priority, Code 2501.

55.     This same Board Policy states that "A careful and orderly process will be used in examining such proposals prior to action upon them by the Board. The Board will take action after hearing the recommendations of the Superintendent and the viewpoints of persons and groups affected by the policy." See Id.

56.     Upon information and belief, Board procedures and policies shall be consistent with the law, have a rational and substantial relationship to a legitimate purpose of the Board, and be directed toward the maintenance and support of a thorough and efficient system of public education within the school district.

57.     Upon information and belief the Board is responsible for acquiring reliable

information from responsible sources which will enable it to make the best possible decisions about the scope and nature of the educational program, and the health and well being of the students, the faculty and the community.

58.    At the School Board Meetings, the Principles of Governance & Leadership of the Warren County School District and the Pennsylvania School Board Association are read publicly. They are:

> Pennsylvania school boards are committed to providing every student the opportunity to grow and achieve. The actions taken by the Board ultimately have both short and long-term impact in the classroom. Therefore, school directors collectively and individually will...
>
> **Govern Effectively**
> **Adhere to an established set of rules and procedures for board operations**
> **Develop, adopt, revise and review policy**
> Align decisions to policy
> Differentiate between governance and management, delegating management tasks to administration
> Allocate finances and resources
> **Ensure compliance with local, state and federal laws**

See e.g. Warren County School District Board Meeting Minutes of June 14, 2021 – PAGE 2 (emphasis added).

**B.    On June 25, 2021 Warren County School Board Adopted a Health and Safety Plan for the School District Making the School District Eligible for Federal ESSER Funding, If the CDC Guidelines Related to COVID-19 are Followed.**

59.    At the June 14, 2021 Board Meeting, the Superintendent informed the Board that a new Health and Safety Plan that must be put into place to be eligible for federally provided ESSER (Elementary and Secondary School Emergency Relief) monies. She specifically noted that as of June 14, 2021, "[t]here is no direction or mandate that masks will have to be worn next year." See Warren County School Board Minutes for the meeting on June 14, 2021, page 5, 3.1 General Comments -

-12-

Mrs. Amy Stewart, 3. Superintendent's Reports and Recommendations.

> "There is a new Health and Safety Plan that must be put into place to be eligible for the ESSER monies. There are three facets – not only the signs for washing hands, etc., but how the District will continue to offer school; what mitigation policies are in place to keep school open. **There is no direction or mandate that masks will have to be worn next year.**"

See Id. (emphasis added).

60.     On June 25, 2021, a Health and Safety Plan was adopted. With respect to universal masking, no one was required to wear a face covering, unless ordered to do so, and that "parents and staff will have a choice", regardless of whether the local incidence of infection rate is "Low", "Moderate", "Substantial" or "High". See Board Minutes of June 25, 2021 - Special Board Meeting Category New Business Subject ARP ESSER Health and Safety Plan Type Action, and Exhibit 5, a copy of the Health and Safety Plan dated June 25, 2021.

> As of June 28, 2021, students, staff and visitors will not be required to wear face coverings. **Face coverings will not be required unless ordered to do so.** The District will provide information and recommendations to parents and staff regarding face coverings from the CDC, **but parents and staff will have a choice.**

See Id.

61.     In order to qualify for Elementary and Secondary School Emergency Relief (ESSER) funding the School Board had to submit a Health and Safety Plan that meets certain requirements for health and safety of the students, educators, and other staff. See Id.

> **Given Federally required timelines, LEAs eligible to apply for and receive this portion of the ARP ESSER funding must submit a Health and Safety Plan that meets ARP Act requirements to the Pennsylvania Department of Education (PDE) by Friday, July 30, 2021, regardless of when the LEA submits its ARP ESSER application.**

See Id.,p.1 (emphasis in the original).

62.    In order to be eligible to receive the ESSER funding, the School District was to adopt policies related to universal masking as recommended by the CDC.

> The ARP Act and **U.S. Department of Education rules require Health and Safety plans include the following components**:
>
> How the LEA will maintain the health and safety of students, educators, and other staff and the extent to which it has adopted policies, and a description of any such policy on each of the **following safety recommendations established by the CDC**:
>
> **a. Universal and correct wearing of masks;"**

See Id., p.1 (emphasis added).

63.    The Board approved the Health and Safety Plan by an 8 - 0 vote. See Board Minutes of June 25, 2021 - Special Board Meeting Category New Business Subject ARP ESSER Health and Safety Plan Type Action.

64.    The Warren County School District administration "submitted the Elementary And Secondary School Emergency Relief Fund II (ESSER II) application in the amount of $6,079,074.00." See Board Minutes of June 28, 2021 - 4Curriculum, Instruction, and Technology Committee Category New Business, ESSER II Outline of Grant Proposal.

65.    On August 9, 2021, at a Regular Board Meeting, the Board approved modifications to the ARP ESSER Health and Safety Plan, including enforcing universal masking of students while they ride school buses, by an 8 - 0 vote. See Board Minutes of August 9, 2021.

66.    With respect to universal masking, the Health and Safety Plan was modified to include the Order from the CDC effective February 1, 2021 requiring universal masking while riding school buses, and a statement that the Board "encourages and recommends the wearing of a mask by all persons while inside a school building". See Exhibit 6, p. 1., a copy of the modified Health

and Safety Plan approved on August 9, 2021 (emphasis added).

67.    Further, the Plan sets forth if Warren County should be determined to be in the "high risk" category for COVID-19 transmission, "the Superintendent will analyze the transmission rates and positive cases within the schools and community, share the information with the Board, and the Board may hold a meeting for the purpose of deciding whether masks will be required at that time."

> **Masks (defined as a material covering the nose and mouth of the wearer, excluding face shields) are required while riding school buses and vans as legally mandated by the CDC's federal Order dated February 1, 2021**, issued pursuant to the Public Health Service Act, and requiring the wearing of masks on conveyances and at transportation hubs. This requirement shall cease at such time as said Order either is no longer in effect or is amended to remove the requirement.
>
> The Board encourages and recommends the wearing of a mask by all persons while inside a school building, regardless of vaccination status. However, the Board is not mandating this at this time. If Warren County is determined to be at high risk of COVID-19 transmission, the Superintendent will analyze the transmission rates and positive cases within the schools and community, share the information with the Board, and the Board may hold a meeting for the purpose of deciding whether masks will be required at that time. The Board, at a later date and regardless of the transmission rate in the County, may also hold a meeting and require that masks be worn in a particular building if an outbreak is identified within that particular building.

See Id., Exhibit 6, p. 1. (emphasis added).

### B.1.    On January 29, 2021, the CDC entered an order requiring universal masking for students while riding school buses.

68.    On January 29, 2021, the CDC entered an Order to prevent spread of the virus that causes COVID-19. This Order was effective as of 11:59 p.m. February 1, 2021 and was published in the Federal Register on February 3, 2021. See Centers for Disease Control and Prevention Department of Health and Human Services Order under Section 361 of the Public Health Service Act (42 U.s.c. 264) and 42 Code of Federal Regulations 70.2, 71.31(b), 71.32(b) Requirement for

Persons to Wear Masks While on Conveyances and at Transportation Hubs. See Exhibit 1.

69.     The STATEMENT OF INTENT for the CDC Order of January 29, 2021, sets forth:

This Order shall be interpreted and implemented in a manner as to achieve the following objectives:

Preservation of human life;
Maintaining a safe and secure operating transportation system;
Mitigating the further introduction, transmission, and spread of COVID-19 into the United States and from one state or territory into any other state or territory; and
Supporting response efforts to COVID-19 at the Federal, state, local, territorial, and tribal levels.

See Exhibit 1.

70.     The CDC Order of January 29, 2021 is to enforced by regulations, but the CDC is

looking to avoid any criminal prosecution and instead is hoping for widespread cooperation and

"implementing additional civil measures enforcing the provisions of this Order", as follows:

To address the COVID-19 public health threat to transportation security, this Order shall be enforced by the Transportation Security Administration under appropriate statutory and regulatory authorities including the provisions of 49 U.S.C. 106, 114, 44902, 44903, and 46301; and 49 CFR part 1503, 1540.105, 1542.303, 1544.305 and 1546.105.

This Order shall be further enforced by other federal authorities and may be enforced by cooperating state and local authorities through the provisions of 18 U.S.C. 3559, 3571; 42 U.S.C. 243, 268, 271; and 42 CFR 70.18 and 71.2.[33]

33. While this Order may be enforced and CDC reserves the right to enforce through criminal penalties, CDC does not intend to rely primarily on these criminal penalties but instead strongly encourages and anticipates widespread voluntary compliance as well as support from other federal agencies in implementing additional civil measures enforcing the provisions of this Order, to the extent permitted by law and consistent with President Biden's Executive Order of January 21, 2021 (Promoting COVID-19 Safety in Domestic and International Travel).

See Exhibit 1.

71.     Wearing masks on public transportation, including school busses is mandatory and

subject to the January 29, 2021 Order of the CDC. See

https://www.cdc.gov/coronavirus/2019-ncov/travelers/face-masks-public -transportation.html,

explaining in the FAQ's:

> Are masks required on school buses?
>
> Yes, passengers 2 years of age and older and drivers must wear a mask on buses or vans operated by public or private school systems including early care and education/child care programs, subject to the exclusions and exemptions in CDC's Order. Operators of school buses should refer to the Department of Education's COVID-19 Handbook pdf icon[PDF – 27 pages]external icon for additional guidance.

See also https://www2.ed.gov/documents/coronavirus/reopening.pdf, explaining:

> Transportation Considerations
> CDC issued an order requiring wearing masks on all public conveyances, including on school buses. Accordingly, **regardless of the mask policy at school, passengers and drivers must wear a mask on school buses**, including on buses operated by public and private school systems, regardless of vaccination status, subject to the exclusions and exemptions in CDC's order.  [Emphasis added]

**C.**     **On August 30, 2021, the WCSD, in direct violation of the CDC's Order and the C.F.R. compelling students to wear masks on school buses, voted to not enforce the School District's Disciplinary Procedures for repeated violations of not wearing masks while riding school buses, and therefore, granted *de facto* permission for optional masking on school buses.**

72.     On August 30, 2021, the School Board voted (5-3) make masking violations on buses "warnings" instead of following the District Disciplinary Procedures for repeated violations. See Minutes of the August 30, 2021, Special Board Meeting, Items 2.22 and 2.23.

73.     At the August 30, 2021 Special Board Meeting, the Board modified the meeting agenda to "allow a motion to reduce discipline for bus mask violations to **warnings only**." See Minutes of the August 30, 2021, Special Board Meeting, Items 2.22 and 2.23 (emphasis added).

74.     The motion presented at the August 30, 2021 Special Board Meeting was a change in District policy regarding enforcement of the "CDC's federal Order dated February 1, 2021, issued pursuant to the Public Health Service Act...". Exhibit 6, a copy of the modified Health and Safety Plan adopted dated August 9, 2021.

75.     When there is a change to school district policy Board operating policies require a committee review, then publication of notice to the public of a first and second reading of the proposed change to District policy, prior to a vote to change the District policy. See Board Policy, 02000 School Board Governance and Operations, Development of Policy, Code 2510, which sets forth the following required steps for changing District policies:

The steps in effective policy development include the following:

1. Identify the need for new policy.
2. Assemble background material.
3. Study, discuss, and agree on basic substance of new policy.
4. Draft the policy.
5. First reading.
6. Second reading (to be combined with first reading if desired).
7. Inform and disseminate.
8. Implement.
9. Enforce, evaluate and revise.

Policy will be retired from use after a motion to inactivate the policy is approved by the Board at first and second readings or when a new policy is adopted that is inconsistent with the former policy.

76.     The enforcement policy for required wearing of masks while riding a bus were rendered useless by the Board changing he enforcement policy, since there was no longer any meaningful enforcement of the policy.

77.     When the policy change of no longer enforcing the wearing of masks while riding on a school bus, upon information and belief, there was neither a committee review prior to presentation

of the policy change, nor a first or second reading in public as required of when the District makes a policy change. See Board Policy, 02000 School Board Governance and Operations, Development of Policy, Code 2510.

78.    By voting on August 30, 2021 to change the policy of enforcement of the "CDC's federal Order dated February 1, 2021, issued pursuant to the Public Health Service Act..." to just issuing warnings, the School Board failed to provide any advance public notice that it was intending to vote on a District policy change in contradiction to Board policy.

79.    By voting on August 30, 2021 to change the policy of enforcement of the "CDC's federal Order dated February 1, 2021, issued pursuant to the Public Health Service Act..." to just issuing warnings, the School Board failed to provide the public with notice of a first and second reading of proposed District policy change.

80.    By voting on August 30, 2021 to change the policy of enforcement of the "CDC's federal Order dated February 1, 2021, issued pursuant to the Public Health Service Act..." to just issuing warnings, the prior District policy regarding the enforcement of wearing face masks on school transportation was rendered meaningless. See Minutes of the August 30, 2021 Special Board Meeting, Items 2.22 and 2.23 (emphasis added). The action of warning a child of misbehavior and violation of a policy, without any consequence for additional violations, is a meaningless action.

81.    The WCSD is acting in direct violation of the Federal requirements under the January 29, 2021 Order of the CDC requiring studnets to wear masks while traveling on school buses, specifically designed to eliminate school district's and parent's choices for optional masking in contradiction to medical and scientific studies and the requirements of the CDC designed to protect children in schools, employees, parents and the community.

82.     Upon information and belief, the failure to follow the District Disciplinary Procedures has resulted in numerous students on buses not wearing masks because receiving unlimited warnings without any disciplinary consequences is meaningless to the students who are willing to violate the universal mask wearing policy.

**C.1.    The Board Members Offered No Basis for Eliminating the Universal Masking Requirement Ordered by the CDC for students while riding school buses.**

83.     The Board members who voted to not enforce the CDC's universal masking requirement for students riding school buses did not state that they spoke with any health professionals inside or outside of the WCSD prior to concluding that universal masking should be eliminated.

84.     The Board members who voted to not enforce the CDC's universal masking requirement for students riding school buses provided no information from any local, Commonwealth, or national health agency to support the elimination of universal masking requirement for students riding school buses.

85.     The Board members who voted to not enforce the CDC's universal masking requirement on school buses did not state that the District Physician supported their vote.

86.     The Board members who voted to not enforce the CDC's universal masking requirement for students riding school buses did not present any scientific or medical evidence that the masking requirement for students riding school buses would harm any student or staff member.

**D.    On August 23, 2021, the Erie County Health Department Entered an Order Compelling Universal Masking of All School Students. (Warren County Is Subject to the Orders of the Erie County Health Department).**

87.    As part of the Health and Safety Plan, the WASB asserted that it would "Coordinate with County Commissioners, Emergency Management, **Erie County Department of Health and Pennsylvania Department of Health** via IU5." See Exhibit 5, a copy of the Health and Safety Plan dated June 25, 2021, Subpart 3.i. (emphasis added).

88.    On August 23, 2021, the Erie County Department of Health entered an Order which was effective immediately: "Except as provided in Section 3 below, individuals are required to wear face coverings within an enclosed area of a public or private pre-school, primary or secondary school, including employees, students, visitors, and contractors." See Exhibit 2.

89.    Upon information and belief, in contradiction to the Health and Safety Plan, the School Board failed to "coordinate with" the "Erie County Department of Health" and the Order of August 23, 2021. Upon information and belief, the School Board chose to disregard, dismiss, and defy the August 23, 2021 Order of the Erie County Health Department.


**E.    The Pennsylvania Department of Health Entered an Order on August 31, 2021 Requiring All Schools to  Implement Universal Masking.**

90.    On August 31, 2021, the Pennsylvania Department of Heath entered an Order requiring universal masking for all school students and employees due to the widespread and rapid growth of the rate of infection of Covid-19, from the new Delta Variant. See Exhibit 1.

91.    Defendant WCSD is a public school district pursuant to the Pennsylvania Public School Code of 1949, 24 P.S. § 101 et. seq.

92.    In the August 31, 2021 Order, the acting Secretary for the Department of Health explains that the Delta variant to COVID-19 is spreading rapidly in Pennsylvania:

> Despite periods of time when the virus seemed to wane, it, like all viruses, has continued to mutate, and spread. As of the date of this Order, there have been 1,300,368 cases and 28,235 deaths in this Commonwealth caused by the still present and ongoing pandemic. At this time, the Centers for Disease Control and Prevention (CDC) estimates that the Delta variant is the predominant strain in the Commonwealth. COVID-19 can be transmitted from any person who is infected, even if they have no symptoms and, with the Delta variant, even if they have been vaccinated.

See Exhibit 3, p.1.

93.    In the Order, the acting Secretary for the Department of Health further explains that no vaccine is available for children under the age of twelve and that the virus is spreading in that age group:

> Vaccination remains the most effective protection against all strains of SARS-CoV-2; however, not all of our population is able to get vaccinated. As of yet, no vaccine has been approved for children under the age of 12. As of August 26, 2021, the total number of cumulative cases reported in children in the Commonwealth was 23,974 in the 0-4 years of age cohort, 56,039 in the 5-12 years of age cohort, and 88,205 in the 12-18 years of age cohort.

See Exhibit 3, p.1.

94.    In the Order, the acting Secretary for the Department of Health explains that the CDC and American Academy of Pediatrics (AAP) have strongly recommended masking in schools, as well as studies support mask-wearing helps to lower levels of infection from COVID-19:

> In view of this serious concern for our nation's children, the CDC has issued a strong recommendation for masking of all persons, teachers, students and staff, within the nation's schools, regardless of vaccination status, to create a multilayered approach for fighting COVID and to keep our schools open for in-person education. In addition, the American Academy of Pediatrics (AAP) has also strongly recommended masking in schools. Finally, recent studies have shown that mask-wearing in schools has contributed to lower levels of COVID-19 transmission among students and staff

and allowed for the continued in-person attendance.

See Exhibit 3, p.2.

95.    In the Order, the acting Secretary for the Department of Health explains that
"[r]equiring face coverings Requiring face coverings in schools, therefore, balances the concerns for
the mental health of our children with the need to protect them against a disease that is growing more
virulent as we struggle to protect the most vulnerable members of our population." See Exhibit 3,
p.2.

96.    In the Order, the acting Secretary for the Department of Health, explains that
universal masking is mandated in "order to prevent and control the spread of disease":

> In accordance with the recommendations of the CDC and the AAP and based upon
> the rising case numbers and hospitalizations in general in the Commonwealth,
> including the number of cases in our children, as well as the need to protect and
> maintain in-person education for the health and well-being of those children, I am
> issuing this Order to protect the ability of our schools to continue to educate our
> children, and of our children to receive in-person instruction in the safest
> environment possible.

See Exhibit 3, p.2.

97.    The Order provides definitions. The Definition requiring masking is provided in
Section 2: General Masking Requirement. "Each teacher, child/student, staff, or visitor working,
attending, or visiting a School Entity shall wear a face covering indoors, regardless of vaccination
status, except as set forth in Section 3. See Exhibit 3, p.4.

98.    The Order provides for an exception to mandatory masking for medical reasons.

Section 3: Exceptions to Covering Requirement, sets forth:

> The following are exceptions to the face covering requirements in Section 2. All
> alternatives to a face covering, including the use of a face shield, should be exhausted
> before an individual is excepted from this Order.

B.  If wearing a face covering would either cause a medical condition, or exacerbate an existing one, including respiratory issues that impede breathing, a mental health condition or a disability.

See Exhibit 3, p.4.

**F.  The School Board Held an Emergency Special Board Meeting on September 2, 2021 Regarding the Pennsylvania Department of Health's August 31, 2021 Order Compelling Universal Masking of School Students.**

99.  On September 2, 2021, an "Emergency Special Board Meeting" was called to vote on a motion "That the WCSD immediately comply with the August 31, 2021 'Order of the Acting Secretary of the Pennsylvania Department of Health Directing Face Coverings in School Entities' by requiring face coverings to be worn at all WCSD facilities subject to the exceptions permitted in the Order." See Minutes of the September 2, 2021, Emergency Special Board Meeting, New Business Item 3.1.

100.  The motion was amended. "It was moved by Mr. Stewart and agreed to by Mr. Labesky to add "that any person that is asserting an inability to wear a face covering because of a medical or mental condition **is not required to provide a doctor's or other's proof.**" See Minutes of the September 2, 2021, Emergency Special Board Meeting, New Business Item 3.1 (emphasis added).

101.  The amended motion failed by a vote of 5 "no" votes to 4 "yes" votes. See Id, Item 3.2.

102.  Next, a motion was then made to approve "the revised ARP ESSER Health and Safety Plan, as presented", which, as worded, complied with the August 31, 2021 Order of the Acting Secretary of the Pennsylvania Department of Health Directing Face Coverings in School Entities by

-24-

requiring face coverings to be worn at all WCSD facilities subject to the exceptions permitted in the

Order. See Id, Item 3.3. With respect to universal masking, the proposed revised ARP ESSER Health

and Safety Plan, required medical documentation proof in order for a medical exception to be

permitted. Specifically, it would be required by "The District's Mask/Face Covering Waiver Request

and associated medical documentation must be submitted for any request to waive the face covering

requirement." See Id., Item 3.3, revised ARP ESSER Health and Safety Plan, as presented.

> Effective September 7, 2021,the District will adhere to the Order of the Acting Secretary of the Pennsylvania Department of Health Directing Face Coverings in School Entities that was issue on August 31, 2021. This requirement shall cease at such time as said Order either is no longer in effect or in invalidated. Exceptions are specified in Section 3 of the Order.
>
> **For any exception granted based on a medical condition, mental condition, or disability, students are required to wear a face covering unless they have a medical or mental health condition or disability, documented in accordance with Section 504 of the Rehabilitation Act or IDEA, that precludes the wearing of a face covering in school.**
>
> **Accommodations for such students should be made in partnership with the student's health care provider, school nurse, and IEP/504 team. The District's Mask/Face Covering Waiver Request and associated medical documentation must be submitted for any request to waive the face covering requirement.** The District will provide reasonable accommodations to students who have a medical condition, mental health condition, or disability that makes it unreasonable for the student to wear a face covering. Such reasonable Accommodations could include an alternative to a face covering, such as use of a face shield.
>
> * Students who violate the face covering requirement may be subject to discipline pursuant to the Insubordination and/or Miscellaneous Inappropriate Behavior provisions of the Discipline Code.

See Id., Item 3.3, revised ARP ESSER Health and Safety Plan, as presented (emphasis added).

103. The Board voted down this motion to approve the revised ARP ESSER Health and

Safety Plan as presented by a 5 to 3 vote as follows: "Yes": Marcy Morgan, Mary Passinger, Donna

Zariczny; "No": Joseph Colosimo, Elizabeth Huffman, Jeffrey Labesky, Paul Mangione, Kevin Lindvay; Not Present at Vote: Arthur Stewart.

104.    Then, the Solicitor, Mr. Byham, informed the Board "that whether the Board of Directors amends its Health & Safety plan or not, the mandate usurps the plan, and the District must follow the mandate. The Order goes into effect on September 7th regardless." See Id.

105.    Also, the Superintendent informed the Board: "Mrs. Stewart stated that students coming to school without a mask will not be admitted to a classroom. There is an exemption process that was used all last year and will be used again." See Id.

**G.    On September 10, 2021, the Pennsylvania Department of Education Communicated to All of the School Districts That Parents Have No Right to Sign-off on Medical Exceptions to Mask Wearing, Unless They Have Supporting Medical Documentation.**

106.    Apparently, some school boards in Pennsylvania disagree with the science and medicine related to the health benefits of reducing the spread of COVID-19 by universal masking, and chose to interpret the language of Section 3.B. to mean that a parent was capable of making a medically-based decision of whether causing a child to wear a mask would create a medical condition, a mental health condition, or a disability. See https://apnews.com/article/health-education-pennsylvania-coronavirus-pandemic-1051de52f95c419de054b115fa91360e

107.    In order to dispel this misinterpretation by some school boards of the August 31, 2021 universal masking Order, that a parent had the option to sign-off on the medical exception without medical documentation, the Pennsylvania Department of Education in a September 10th Directive to all 500 Pennsylvania school districts. See e.g. Exhibit 4, a copy of the email to the Pennsylvania School Districts from the Acting Secretary of Education, dated September 10, 2021.

108.    In the Directive of September 10, 2021, it was made eminently clear to all school districts, that "... this [August 31, 2021] Order [from the Department of Health] **is not a mask optional policy. Any school entity simply permitting a parent's sign-off without evidence that the student has a medical or mental health condition or disability that precludes the wearing of a face covering is not in compliance with the Order.**" See e.g. Exhibit 4 (emphasis added).

109.    The Department of Education also directed that Districts were required to determine eligibility in accordance with federal disability laws, and request medical documentation as they normally would. "It is recommended that any exception be in accordance with eligibility under Section 504 of the Rehabilitation Act or IDEA for such medical or mental health condition or disability. **School entities should follow their established processes** for determining student eligibility under those laws, **including any medical documentation that they would normally require.** There are exceptions to the Order; however, **a parent's opposition to the Order is not one of them.**" See e.g. Exhibit 4 (emphasis added).

**H.    On September 13, 2021, Three Days after Receiving the Directive of the Department of Education explaining that Medical Documentation MUST be Provided to Opt-out of Universal Masking, the Warren County School Board, in Direct Defiance and in Violation of the CDC Universal Mask Order, the Department of Health Order, and the Erie County Health Department Order, Voted to Permit Parents the Option to Sign-off on Medical Exceptions to Mask-wearing for Their Children WITHOUT Providing Medical Documentation.**

110.    Three days later, after receiving the Pennsylvania Department of Education's Directive on September 13, 2021, the Warren County School Board presented a motion to permit parents the option of excepting their children from wearing masks by the parent simply signing a Face Covering Exception Request Form, WITHOUT providing any medical documentation. See

Exhibit 3, the School Board Agenda for September 13, 2021.

111.    In defiance of the Directive from the Pennsylvania Department of Education on September 10, 2021, making it eminently clear any requests for medical exceptions to wearing masks per the August 31, 2021 Order of the Pennsylvania Department of Health, must include proof via medical documentation, on September 13, 2021, at the Regular Board Meeting, a majority of the Board voted to alter the mandatory policy of universal masking Ordered by the Pennsylvania Health Department's, by providing parents the option to sign a form permitting their child to not wear a mask without providing any medical documentation in support of opting out of wearing a mask. See Agenda Item 7.17, "Mr. Arthur Stewart's Recommended Action".

112.    Mr. Stewart's Recommended Action, sets forth that parents have the option to sign Face Covering Exception Request Form without medical documentation provided by a licensed health care provider. It reads as follows:

> I move that the District comply with the Order of the Acting Secretary of the Pennsylvania Department of Health Directing Face Coverings in School Entities published August 31, 2021, and that to implement that Order the District adopt and use the attached Letter to Parents and friends dated September 13, 2021, and the attached form titled Face Covering Exception Request Form, and further that the District's ARP ESSER Health and Safety Plan be amended to conform with the preceding provisions of this motion and the attachments.

See Id.

113.    The WCSB is acting in direct violation of the Order of the Pennsylvania Department of Health specifically designed to eliminate school district's and parent's choices for optional masking in contradiction to medical and scientific studies and the requirements of the CDC designed to protect children in schools, employees, parents and the community.

114.    In addition to being in direct violation of the August 31, 2021 Order of the

Pennsylvania Department of Health and the communique of September 10, 2021 from the Department of Education, ands the Erie County Health Department Order of Agust 23, 2021, Mr. Stewart's "Recommended Action" was a change is school district policy as required by the CDC, the Pennsylvania Department of Health, the Erie County Department of Health and the Pennsylvania Department of Education.

115.    The "Action" failed to go through the standard procedures for when a District policy is changed, that is, there was neither a committee review prior to presentation nor a first or second reading in public as required of District policy changes. See Board Policy, 02000 School Board Governance and Operations, Development of Policy, Code 2510, which sets forth the following required steps for changing District policies:

The steps in effective policy development include the following:

1. Identify the need for new policy.
2. Assemble background material.
3. Study, discuss, and agree on basic substance of new policy.
4. Draft the policy.
5. First reading.
6. Second reading (to be combined with first reading if desired).
7. Inform and disseminate.
8. Implement.
9. Enforce, evaluate and revise.

Policy will be retired from use after a motion to inactivate the policy is approved by the Board at first and second readings or when a new policy is adopted that is inconsistent with the former policy.

116.    By voting on "Mr. Arthur Stewart's Recommended Action" on September 13, 2021, the School Board failed to provide any advance public notice that it was intending to vote on a District policy change in contradiction to Board policy.

117.    By voting on "Mr. Arthur Stewart's Recommended Action" on September 13, 2021

the School Board failed to provide the public with notice of a first and second reading of the proposed District policy change.

118.    Further, "Mr. Arthur Stewart's Recommended Action" on September 13, 2021, failed to have the support of the school administration. "This agenda item did not go through committee and is not an administrative recommendation." See Board Minutes of September 13, 2021.

119.    The motion was approved by a 6 to 3 vote. The Board Members who voted "Yes" were: Joseph Colosimo, Elizabeth Huffman, Jeffrey Labesky, Paul Mangione, Arthur Stewart, Kevin Lindvay; and the Board Members who voted "No" were: Marcy Morgan, Mary Passinger, Donna Zariczny. See Id.

120.    The vote on "Mr. Arthur Stewart's Recommended Action" on September 13, 2021 was not held before a fair and impartial tribunal, as shown by the lengths which the majority of the Board were willing to go in order to permit parents the option of excepting their children from universal masking without medical documentation despite the multiple governmental Orders, both Federal and State, all requiring universal masking and the overwhelming science and medicine which demonstrates that universal masking works to prevent the spread of infection caused by COVID-19.

121.    The vote on "Mr. Arthur Stewart's Recommended Action" on September 13, 2021 was not held before a fair and impartial tribunal, as shown by despite the facts that the Board had no authority to take any action in direct violation of: i) the August 31, 2021 Order of the Pennsylvania Department of Health; ii), the communique of September 10, 2021 from the Department of Education; iii) the Erie County Department of Health's August 23, 2021 Order; as well as iv) upon information and belief the majority of the Board failed to consult with medical professionals; and v) the Board was willing to violate its own operating procedures designed to protect the public by

providing adequate advance notice of a policy change on the School Board's Agenda; a majority of the Board voted in favor of the motion, anyway.

122.    As a result of the vote in favor of "Mr. Arthur Stewart's Recommended Action" on September 13, 2021, the District's ARP ESSER Health and Safety Plan was amended to conform with the motion. See Exhibit 7.

123.    As a result of the vote in favor of "Mr. Arthur Stewart's Recommended Action" on September 13, 2021, the parents in the Warren County School District now have the option to have their children not wear masks while in school by simply signing a "Face Covering Exception Request Form", without providing any medical documentation or proof of the need for an exception.

## I.    The Board Members Offered No Basis for Eliminating the Universal Masking Requirement Ordered by the Pennsylvania Department of Health.

124.    The Board members who voted on September 13, 2021, to permit parents the option to sign a form to except their children from universal masking without providing any medical documentation did not state that they spoke with any health professionals inside or outside of the WCSD prior to concluding that universal masking should be eliminated.

125.    The Board members who voted on September 13, 2021, to permit parents the option to sign a form to except their children from universal masking without providing any medical documentation provided no information from any local, Commonwealth, or national health agency to support the elimination of universal masking.

126.    The Board members who voted on September 13, 2021, to permit parents the option to sign a form to except their children from universal masking without providing any medical documentation did not state that the District Physician supported their vote, and in fact, the District

Physician recommends universal masking.

127.    The Board members who voted on September 13, 2021, to permit parents the option to sign a form to except their children from universal masking without providing any medical documentation did not provide any evidence that masking would undermine or prevent the District from achieving its goal of maximizing in-person instruction while protecting staff and students, or that optional masking was a more effective way to achieve this goal.

128.    The Board members who voted on September 13, 2021, to permit parents the option to sign a form to except their children from universal masking without providing any medical documentation did not present any scientific or medical evidence that masking would harm any student or staff member.

**J.    The District's "Face Covering Exception Request Form" and the District's Waiver Form Violate the ADA and Section 504 since the District Recognizes in the Request Form That a Child "By Not Wearing a Face Covering the Person Is Potentially at a Higher Risk of COVID-19 Exposure", Yet Permits That Child and Any Others in the Same School Building and Classrooms to Be Exposed to a Greater Risk of Infection from COVID-19 Exposure.**

129.    The District's "Face Covering Exception Request Form" sets forth that in order for a parent to request an exception to the "Order of the Acting Secretary of the Pennsylvania Department of Health, effective September 7, 2021", the parent must agree that:  "I understand the following: • By not wearing a face covering the person is potentially at a higher risk of COVID-19 exposure." See Exhibit 8.

130.    The District also requires a parent to sign the "Warren County School District Face Covering Student Waiver Form" See Exhibit 9.

131.    In the "Waiver Form" the District requires the parent to "explicitly acknowledge that

I am not alleging any other physical or mental health condition or disability that would require any accommodation for my Student other than the limited relief from strict compliance with this Order...". See Exhibit 9.

132.    The accommodation made by the School District is to allow the student to not wear a mask while riding a school bus and while in school, is unreasonable  since it admittedly creates a higher risk of COVID-19 exposure to the student not wearing a mask and to all the other students on a bus or in a classroom with that student. Moreover, there can be more than one student on a bus or in a classroom not wearing a mask at the same time, further increasing the risk of exposure to infection from COVID-19.

133.    An accommodation is unreasonable if it creates "'a direct threat to the health or safety of other individuals in the workplace." **See 42 U.S.C. § 12113(b)**; **School Bd. of Nassau Cty. v. Arline**, 480 U.S. 273, 288 (1987)); **see 29 CFR § 1630.2(r) (1998)** (assessment of direct threat "shall be based on a reasonable medical judgment that relies on the most current medical knowledge and/or on the best available objective evidence").

134.    In determining whether an individual poses a direct threat to the health or safety of others, a public entity must make an individualized assessment, based on reasonable judgment that relies on current medical knowledge or on the best available objective evidence, to ascertain: the nature, duration, and severity of the risk; the probability that the potential injury will actually occur; and whether reasonable modifications of policies, practices, or procedures or the provision of auxiliary aids or services will mitigate the risk. **28 C.F.R. § 35.139(b); see also Sch. Bd. of Nassau Cnty., Fla. v. Arline**, 480 U.S. 273, 288, 107 S.Ct. 1123, 94 L.Ed.2d 307 (U.S. 1987).

135.    In its Order of August 23, 2021, the Erie Department of Health described the

particular risk of spreading an infectious disease to other students and the community caused by students attending school since they are involved daily in a "large indoor congregate settings". See Exhibit 2, August 23, 2021 Order of the Erie County Health Department, which explains, the risk of spreading COVID-19 is increased for children under 12 who are unable to have the protection provided by a vaccine:

> Public and private primary and secondary schools pose a unique transmission risk due to their nature, which involves large indoor congregate settings, preceded and followed by the dispersal of potentially exposed individuals throughout the communities these institutions serve. For students who are under 12 who cannot yet have the protection of a vaccination, unprotected exposure to COVID-19 and its variants poses a unique health risk to them and those with whom they might come into contact.

See Id.

136.    The use of the District's "Face Covering Exception Request Form" and the District's "Waiver Form" fails to meet the standards of the ADA and Section 504 for providing protection for the student who is excepted from wearing a mask as well as fails to provide protection for other disabled students, children under the age of 12 who cannot be vaccinated, and all other students who ride school buses and/or attend school.

137.    The use of the District's "Face Covering Exception Request Form" and the District's "Waiver Form" fails to meet the standards of the ADA and Section 504 since it increases the risk of harm to for the student who is excepted from wearing a mask, as well as increases the risk of infection to other disabled students, children under the age of 12 who cannot be vaccinated, and all other students who ride school buses and/or attend school.

**K.    The District's Decision to Violate the Masking Requirements of the Pennsylvania Health Department and the CDC Causes Immense and Irreparable Harm to Students, Staff, and the Community, Who Are at Increased Risk of Developing COVID-19 and to Students Who Are At Risk of Losing Critical In-Person Instruction Time.**

138.    The Delta variant of COVID-19 can be transmitted very well even by vaccinated individuals. See Affidavit of Paul T. Green, Pharm.D., MHA, DPLA, BCPS, attached hereto as Exhibit 10, at ¶5, and affidavit of Jennifer Thrift, CRNP. Thus, 100% of WCSD students, staff, and visitors are capable of transmitting Covid-19 to one another or to somebody else in the community.

139.    COVID can be transmitted into mucous membranes, including the eyes, so children wearing masks in rooms with unmasked individuals (despite vaccination status) are at risk for infection. Id.

140.    Put simply: "Masks work." Id.

141.    Dr.Green states "[m]edical studies demonstrate that if my child is wearing a mask, he is protecting those around him in case he has COVID but is only minimally protected if someone around him is unmasked and has COVID." Id. ¶7, 8.

142.    Under the current policy of optional masking effectuated by the Board's September 13, 2021 vote, related to no enforcement of universal masking of students while riding on school buses, and optional mask-wearing based upon a parent's signature without medical documentation while students are attending school, the Delta variant of COVID will spread throughout the school district and into the community at large. Id., at ¶12, 13, and affidavit of Jennifer Thrift, CRNP.

143.    Dr. Green opines that all vaccinated and unvaccinated children in the school district need to be masked in order to avoid not only the spread of the virus/illness but also to prevent quarantines to the children who are exposed to a student who contracts COVID. Id. at ¶13.

144.    There are no health risks to wearing masks and there is no evidence that masks affect a child's ability to focus or learn in school. See, e.g. Affidavit of Dr. Green and affidavit of Jennifer Thrift, CRNP. The Pennsylvania Association of School Administrators recently commented that the CDC confirms new studies show the importance and effectiveness of mask wearing from spreading infection of COVID-19:

> In Health & Safety News…
>
> Impact of Mask Use in Schools – In the first month of school alone, more than 1,800 schools nationwide have been forced to close or move to virtual learning because of pandemic outbreaks, new federal data show—but schools that required universal masking were much less likely to see widespread infection. That's the upshot of new research on the post-Delta school landscape, released Friday afternoon by the Centers for Disease Control and Prevention. Researchers in two studies analyzed overall child coronavirus infections in 520 counties with different school masking policies, as well as specific outbreaks in schools in the two largest districts in Arizona. Read the rest of the story: "CDC: COVID Outbreaks Far Higher at Schools Without Mask Mandates" (from Education Week, 9/24/21).

See https://www.pasa-net.org/currentupdate

145.    [R]ecent studies have shown that mask-wearing in schools has contributed to lower levels of COVID-19 transmission among students and staff and allowed for the continued in-person attendance. See Exhibit 3, PaDOH Order of August 31, 2021.

146.    In Dr. Green's medical opinion, immediate and irreparable injury, loss, or damages will result if universal masking is not required for all WCSD students and employees. Id. at ¶14. Without universal masking, children, teachers, and/or staff could suffer serious illness or death. Id.

147.    As of September 18, 2021, it was reported in the Times Observer that: "As of Friday, Superintendent Amy Stewart reported that about 400 students — about one-tenth of the student body – had turned in at least some of the paperwork required for those seeking exemption from the

Department of Health's statewide school mask mandate." See
https://www.timesobserver.com/news/local-news/2021/09/ about-400-
forms-filed-for-mask-exemption/?fbclid=IwAR3qkX6weV03eggnZkJwv49QpGC86H7eGu80kB
3mCaeE-q0NeH6xZcJl4pQ

148.    As of September 18, 2021, it was reported in the Times Observer that: "Also as of

Friday, there had been 50 positive cases within the district and 434 students had been denied entry

— quarantined — due to close contacts." See Id. Therefore, over 10% of the student body in the

School District were unable to receive in-person instruction due to COVID-19 exposure.

149.    Despite allowing parents the option to permit their children to attend school without

masks, which causes the increase risk of COVID-19 infection, the School Board itself is not meeting

in person due to the risk of exposure to COVID-19 and infection. From the School Board website:

> Meetings
>
> Given the continued presence of COVID-19 and to best ensure the health, welfare,
> and safety of the public, Board members, and District employees, the Warren County
> School District Board of School Directors will hold its Regular Board meeting on
> Monday, October 11, 2021, at 6:00 p.m. via teleconference.

See https://www.wcsdpa.org/Page/31

## COUNT I

### 42 U.S.C. §1983 - Violation of Procedural Due Process (5th and 14th Amendments)
### Against All Defendants

150.    Plaintiffs incorporate the foregoing paragraphs as if set forth in full herein.

151.    In order establish a claim under section 1983 of the Civil Rights Act, a plaintiff must prove a Defendant: (a) acted under the color of state law; (b) proximately causing; (c) the Plaintiff to be deprived of a federally protected right. 42 U.S.C. §1983.

152.    In the instant case, Defendants unquestionably acted under the color of state law.

153.    Each Individual Defendant is an elected, voting member of the Warren County School District School Board.

154.    Under the Fifth Amendment to the Constitution, no person may be deprived of life, liberty, or property without due process of law. U.S. Const. Ann., Amendment V.

155.    The Fourteenth applies the protections of the Fifth Amendment to state actors. U.S. Const. Ann., Amendment XIV.

156.    Plaintiffs have constitutionally protected interests in the benefits that come from the mask policy that was rescinded, including the ability to pursue a safe and healthy education.

157.    Defendants' vote to permit parent's the option to except their children from universal masking unlawfully deprives Plaintiffs of these and other constitutionally-protected interests without due process of law. Such deprivation occurred without providing notice of the policy change or meaningful opportunity to be heard before an unbiased tribunal. Such deprivation was arbitrary, capricious, based on ignorance without inquiry into facts, and in violation of the Board's own policies and other applicable laws. Such deprivation violates the Fifth and Fourteenth Amendments

of the Unites States Constitution.

158.    Plaintiffs were harmed and continue to be harmed by these unlawful acts, suffering

irreparable harm including exposure to present and existential threats to health and safety, threat of

retribution and bullying, increased risk of serious bodily injury and/or death.


## COUNT II

### 42 U.S.C. §1983 - Violation of Substantive Due Process (Fourteenth Amendment)
### Against All Defendants

159.    Plaintiffs incorporate the foregoing paragraphs as if set forth in full herein.

160.    In order establish a claim under section 1983 of the Civil Rights Act, a plaintiff must

prove a Defendant: (a) acted under the color of state law; (b) proximately causing; (c) the Plaintiff

to be deprived of a federally protected right. 42 U.S.C. §1983.

161.    In the instant case, Defendants unquestionably acted under the color of state law.

162.    Each Individual Defendant is an elected, voting member of the Warren County School

District School Board.

163.    Under the Fourteenth Amendment to the Constitution, and as established by state law,

including the State-Created Danger doctrine, Plaintiffs have a fundamental Constitutionally protected

right to a public education and to an education in a safe and healthy environment.

164.    Plaintiffs were harmed and continue to be irreparably harmed by these unlawful acts,

including by suffering irreparable harm including exposure to present and existential threats to health

and safety, threat of retribution and bullying, increased risk of serious bodily injury and/or death.

## COUNT III

### 42 U.S.C. §1983 – Right to Free Association (First Amendment)
### Against All Defendants

165.    Plaintiffs incorporate the above averments as if set forth in full herein.

166.    In order establish a claim under section 1983 of the Civil Rights Act, a plaintiff must prove a Defendant: (a) acted under the color of state law; (b) proximately causing; (c) the Plaintiff to be deprived of a federally protected right. 42 U.S.C. §1983.

167.    Defendants deprived Plaintiffs of the right of free association guaranteed by the First Amendment of the United States Constitution. Plaintiffs can no longer associate safely, or potentially at all, because of Defendants' rescission of the Federally and State mandated universal masking policy, yet the minor Plaintiffs are required under compulsory education laws to attend school.

168.    Defendant's actions have placed Plaintiffs in the untenable situation of ensuring their safety in an ongoing pandemic and receiving the Federally and State protected education guaranteed to all children K-12 in the United States.

169.    Deprivation of this Federally and State protected right violates the United States Constitution's First Amendment.

170.    Plaintiffs were harmed and continue to be irreparably harmed by these unlawful acts, including by suffering irreparable harm including exposure to present and existential threats to health and safety, threat of retribution and bullying, increased risk of serious bodily injury and/or death.

## COUNT IV

### Violations of Title II of the Americans with Disabilities Act
### Against All Defendants

171.     Plaintiffs incorporate the above averments as if set forth in full herein.

172.     One of the Defendants is a public school district and is subject to the ADA. See 42

U.S.C. § 12181.

173.     Title II of the ADA states "no qualified individual with a disability shall, by reason

of such disability, be excluded from participation in or be denied the benefits of services, programs,

or activities of a public entity, or be subjected to discrimination by any such entity." See 42 U.S.C.

§ 12132.

174.     Public entity includes "any State or local government; [and] and department, agency,

special purposed district, or other instrumentality of a State or States or local government . . . ." See

42 U.S.C. § 12131(1).

175.     The ADA specifically defines discrimination on the basis of disability to include "the

imposition or application of eligibility criteria that screen out or tend to screen out an individual with

a disability or any class of individuals with disabilities from fully and equally enjoying any goods,

services, privileges, advantages, or accommodations . . . ." See 42 U.S.C. § 12182(b)(2)(A)(I).

176.     The ADA prohibits discrimination that includes "a failure to make reasonable

modifications in policies, practices, or procedures, when such modifications are necessary to afford

such goods, services, facilities, privileges, advantages, or accommodations to individuals with

disabilities..." See 42 U.S.C. § 12182(b)(2)(A)(ii).

177.     "Deliberate indifference may be established where harm occurred on numerous

previous occasions and officials failed to respond appropriately, or where risk of harm is great and obvious." See Carter v. City of Philadelphia, 181 F.3d 339, 357 (3d Cir. 1999) (citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)).

178.   The "deliberate indifference standard" requires "(1) knowledge that a federally protected right is substantially likely to be violated . . . and (2) failure to act despite that knowledge." S.H. v. Lower Merion, 729 F.3d at 265 (citing Duvall v. County of Kitsap, 260 F.3d 1124, 1139 (9th Cir. 2001)). "Deliberate indifference 'does not require a showing of personal ill will or animosity toward the disabled person.'" S.H. v. Lower Merion Sch. Dist., 729 F.3d 248, 263 (3d Cir. 2013) (quoting Meagley v. City of Little Rock, 639 F.3d 384, 389 (8th Cir. 2011) (quoting Barber v. Colo. Dep't of Revenue, 562 F.3d 1222, 1228-29 (10th Cir. 2009)).

179.   Risk of harm to Plaintiffs (and all unvaccinated children in the District) is great and obvious.

180.   Defendants, by refusing to follow the January 29, 2021 Order of the CDC, the August 23, 2021 Order of the Erie County Department of Health, the August 31, 2021 Order of the Acting Secretary of the Pennsylvania Department of Health, and the September 10, 2021 Directive from The Pennsylvania Department of Education, is refusing to provide reasonable accommodations to allow Plaintiffs to receive their education because of their disabilities.

181.   Defendants have thereby discriminated against Plaintiffs in violation of the Americans with Disabilities Act.

182.   Defendants' violation of the ADA will cause Plaintiffs the irreparable loss of their educational placement plus reasonable attorney's fees, costs, and interest.

## COUNT V

### Section 504 of the Rehabilitation Act
### Against All Defendants

183.    Plaintiffs incorporate the above averments as if set forth in full herein.

184.    Under Section 504, no otherwise qualified individual with a disability shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. 29 U.S.C.S. § 794.

185.    As detailed above, Defendants have intentionally, purposefully, and/or with deliberate indifference, violated the rights of Plaintiffs secured by Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 and 34 C.F.R. § 104.4, by subjecting Plaintiffs to discrimination on the basis of their disabilities or by excluding and/or denying Plaintiffs from participating in, or benefiting from, the Defendants' programs, actives, and services.

186.    Defendant school District is a recipient of Federal money.

187.    Defendants' sovereign immunity under the Eleventh Amendment are explicitly abrogated pursuant to 42 U.S.C.S. §2000d-7. "A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 USCS §794] . . . ." 42 U.S.C.S. §2000d- 7(a)(1).

188.    In claims against a State for violating Section 504, "remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in the suit against any public or private entity other than a state." 42 U.S.C.S. §2000d-7(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

      a.      Assume jurisdiction of this action;

      b.      Vacate and set aside the September 13, 2021 vote of the School Board to permit a current policy of optional masking, related to no enforcement of universal masking of students while riding on school buses, and optional mask-wearing based upon a parent's signature without medical documentation while students are attending school in violation of the Order of the CDC January 29, 2021 and adherent policy, the August 23, 2021 Order of the Erie County Department of Health; the August 31, 2021 Order of the Acting Secretary of the Pennsylvania Department of Health, and the September 10, 2021 Directive from the Pennsylvania Department of Education, as well as any other action taken by Defendants to rescind the universal masking policy in school and while riding school buses;

      c.      Declare that the Defendants' Health and Safety Plan issued June 25, 2021, as modified on September 13, 2021, is void and without legal force or effect to the extent it is in violation of the Order of the CDC January 29, 2021 and adherent policy, the August 23, 2021 Order of the Erie County Department of Health; the August 31, 2021 Order of the Acting Secretary of the Pennsylvania Department of Health, and the September 10, 2021 Directive from the Pennsylvania Department of Education;

      d.      Declare that the policy of the Warren County School District created by the vote on September 13, 2021, which is in contradiction to CDC and State government entity guidelines, invalid and any and all actions taken by Defendants in violation of the Order of the CDC January 29, 2021 and adherent policy; the August 23, 2021 Order of the Erie County Department of Health; the

August 31, 2021 Order of the Acting Secretary of the Pennsylvania Department of Health; and the

September 10, 2021 Directive from the Pennsylvania Department of Education, are found to be

arbitrary, capricious, based on ignorance due to failure to inquire into facts, otherwise not in

accordance with law, and without observance of required procedures;

   e. Declare that the failure to abide by the Order of the CDC January 29, 2021 and

adherent policy, the August 23, 2021 Order of the Erie County Department of Health, the August 31,

2021 Order of the Acting Secretary of the Pennsylvania Department of Health, and the September

10, 2021 Directive from the Pennsylvania Department of Education and other actions taken by

Defendants to void the statewide and Federal universal masking policies are in violation of the

Constitution and contrary to the laws of the United States;

   f. Declare that the failure to abide by the Order of the CDC January 29, 2021 and

adherent policy, the August 23, 2021 Order of the Erie County Department of Health, the August 31,

2021 Order of the Acting Secretary of the Pennsylvania Department of Health, and the September

10, 2021 Directive from the Pennsylvania Department of Education, and other actions taken by

Defendants are in violation of the ADA and Section 504 and contrary to the laws of the United

States;

   g. Temporarily restrain, as well as preliminarily and permanently enjoin Defendants,

their agents, servants, employees, attorneys, and all persons in active concert or participation with

any of them, from implementing or enforcing a policy contrary that violates the ADA, Section 504,

the Order of the CDC January 29, 2021 and adherent policy, the August 23, 2021 Order of the Erie

County Department of Health, the August 31, 2021 Order of the Acting Secretary of the

Pennsylvania Department of Health, and the September 10, 2021 Directive from the Pennsylvania

Department of Education and from taking any other action to enforce such school district policy that is not in compliance with applicable law;

     h.     Temporarily restrain, as well as preliminarily and permanently enjoin Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from implementing or enforcing a policy contrary to in violation of the Order of the CDC January 29, 2021 and adherent policy, the August 23, 2021 Order of the Erie County Department of Health, the August 31, 2021 Order of the Acting Secretary of the Pennsylvania Department of Health, and the September 10, 2021 Directive from the Pennsylvania Department of Education, for COVID relief and from taking any other action to rescind such policy that is not in compliance with applicable laws; and

     i.     Grant such other and further relief as may be just, equitable, and proper including without limitation, an award of attorneys' fees and costs to Plaintiffs.

<div style="margin-left: 45%;">

Respectfully submitted,
Behrend Law Group, LLC

</div>

Date: October 4, 2021          /s/ *Kenneth R. Behrend*

<div style="margin-left: 45%;">

Kenneth R. Behrend
PA ID No. 37961
The Pittsburgher, Suite 1700
428 Forbes Avenue
Pittsburgh, PA 15219
Krbehrend@behrendlawgroup.com
Counsel for Plaintiffs

</div>

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Complaint was served by e-mail on this 4th day of October 2021, addressed to the below parties and counsel:

WCSD SOLICITOR
Mr. Christopher M. Byham
Stapleford & Byham, LLC
600 Market St
Warren, PA 16365-1326
Chris Byham-byhamc@wcsdpa.org

President and MEMBER
Mrs. Donna L. Zariczny
1723 Liberty Street
Warren, PA 16365
zaricznydl@wcsdpa.org

Vice President and MEMBER
Mr. Paul J. Mangione
204 Quaker Hill Road, Warren, PA 16365
mangionep@wcsdpa.org

MEMBER
Mrs. Amy Elizabeth Huffman
1405 E. Fifth Avenue, Warren, PA 16365
huffmane@wcsdpa.org

MEMBER - Mr. Arthur J. Stewart
7 Branch Street, Warren, PA 16365
stewartaj@wcsdpa.org

MEMBER - Mr. Joseph P. Colosimo
10 Woods Road, Warren PA 16365
colosimoj@wcsdpa.org

MEMBER - Mr. Jeffrey M. Labesky
1345 Austin Hill Road, Sheffield, PA 16347
labeskyj@wcsdpa.org

MEMBER - Mrs. Marcy A. Morgan
364 Creek Road, Sugar Grove, PA 16350
morganm@wcsdpa.org

MEMBER - Mrs. Mary R. Passinger
2010 Samuelson Road, Youngsville, PA 16371
passingerm@wcsdpa.org

MEMBER - Mr. Kevin Lindvay
2964 Priest Hollow Road, Russell, PA 16345
lindvayk@wcsdpa.org

WCSD SUPERINTENDENT
Amy Stewart
stewarta@wcsdpa.org

WCSD SCHOOL SECRETARY
Mrs. Ruth A. Huck (non-voting member)
huckr@wcsdpa.org

/s/ *Kenneth R. Behrend*
Kenneth R. Behrend
PA ID No. 37961
The Pittsburgher, Suite 1700
428 Forbes Avenue
Pittsburgh, PA 15219
Krbehrend@behrednlawgroup.com
Counsel for Plaintiffs